```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Frederick Banks, #05711068, ) | C/A No. 6:17-2017-RBH-KFM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Soo Song, U.S. Attorney, ) | **REPORT AND RECOMMENDATION** |
| Robert Cessar, A.U.S.A., ) | |
| J. Mark R. Hornak, ) | |
| United States District Court for the Western ) | |
| District of Pennsylvania, ) | |
| S.A. Sean Langford, ) | |
| S.A. Robert Werner, ) | |
| S.A. in Charge Scott Smith, ) | |
| Mike Pompeo, ) | |
| Federal Bureau of Investigation, ) | |
| Central Intelligence Agency, ) | |
| United States Marshals, ) | |
| Adrian Roe, Esquire, ) | |
| S.I.S. Lt. Perez, ) | |
| S.I.S. Tech Llyod, ) | |
| Respondents. ) | |
| _____) | |
| ) | |

The petitioner, a federal pretrial detainee proceeding *pro se*, has submitted a petition for a writ of mandamus that would direct the respondents, including the Honorable Mark R. Hornak, United States District Judge for the Western District of Pennsylvania, to call his pending criminal case. The petitioner is currently incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The petition is subject to summary dismissal.

## BACKGROUND

The petitioner alleges that United States District Judge Mark R. Horank defamed him by stating that the petitioner was involved in illegal stock trades (doc. 1 at 1). He contends various respondents conspired to place him in a mental hospital (*id*.). He

asserts that SIS Lt. Perz and SIS Tech Llyod work at Federal Correctional Institution-Butner in North Carolina; he alleges that they filed false reports about him while he was housed there (*id*.).  The petitioner contends that, because he was sent for a mental evaluation, he has been confined for five months longer than the maximum sentence he faces for his criminal charges, which are pending in the Western District of Pennsylvania (*id.*).  He alleges that his charges carry a maximum sentence of 38 months, and he has been confined for over 45 months (*id*.).  He contends that some of the respondents have falsely claimed that he is mentally ill in order to keep him confined (*id*.).  He seeks monetary damages and requests that this court "order [Judge] Hornak to do his duty owed and get the case moving" (*id*.).  The petition includes two pages devoted to his music career, his legal experience, and the reasons he believes he was arrested on his pending criminal charges (*id*. at 2–3).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review the petition for relief and submit findings and recommendations to the District Court.  The petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, the petitioner is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C.

§ 1915A(a). Thus, even if the petitioner had prepaid the full filing fee, this Court is charged with screening the petitioner's lawsuit to identify cognizable claims or to dismiss the petition if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The petitioner's action is subject to summary dismissal. A writ of mandamus is issued only in the rarest of circumstances, and is a drastic remedy. *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004). In *Sosa*, the Fourth Circuit Court of Appeals explained that when a litigant seeks mandamus relief he must show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *Id.*; *see also In re Pruett*, 133 F.3d 275, 281 (4th Cir. 1997).

Here, the petitioner's request for mandamus relief against a United States District Judge[1] has been filed in the wrong court; the petitioner may attempt to seek such

---

[1] The undersigned notes that the petitioner alleges various facts concerning other respondents; however, he only seeks to "compel an officer or employee of the United

3

mandamus relief only from the Third Circuit Court of Appeals. *Barnes v. Seymour*, C/A No. 8:09-02616-MBS-BHH, 2009 WL 6547636, at *2 (D.S.C. Nov. 10, 2009), *aff'd in part and rvs'd in part by* 416 F. App'x 300 (4th Cir. 2011).

### **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The petitioner's attention is directed to the important notice on the next page.**

s/ Kevin F. McDonald<br>
United States Magistrate Judge

August 14, 2017
Greenville, South Carolina

---

States or any agency thereof to perform a duty owed to the plaintiff" with respect to United States District Judge Hornak. *See* 28 U.S.C.A. § 1361.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).