UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Frederick Banks, | ) | Civil Action No.: 6:17-cv-02017-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Soo Song, U.S. Attorney; Robert Cessar, A.U.S.A.; | ) | |
| J. Mark R. Hornak; United States District Court for | ) | |
| the Western District of Pennsylvania; S.A. Sean | ) | |
| Langford; S.A. Robert Werner; S.A in Charge | ) | |
| Scott Smith; Mike Pompeo; Federal Bureau of | ) | |
| Investigation; Central Intelligence Agency; United | ) | |
| States Marshals; Adrian Roe, Esquire; S.I.S. Lt. | ) | |
| Perez; and S.I.S. Tech Lloyd; | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] *See* ECF Nos. 8 & 10. The Magistrate Judge recommends summarily dismissing this action without prejudice and without issuance and service of process. R & R at pp. 1, 4.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).

matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## <u>Discussion</u>[2]

Petitioner commenced this action by filing a document entitled "Complaint for a Writ of Quo Warranto, Prohibition and Mandamus." *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing this action because Petitioner has filed his request for mandamus relief in the wrong court. R & R at pp. 3–4. Petitioner lodges several objections to the R & R. *See* ECF No. 10.

First, Petitioner contends the Magistrate Judge did not address his request for a writ of quo warranto. A writ of quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." *Quo warranto*, Black's Law Dictionary (10th ed. 2014). "A private individual lacks standing to institute a quo warranto proceeding." *In re Nabaya*, __ F. App'x __, 2017 WL 2992507, at *1 (4th Cir. July 14, 2017) (citing *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 545–46 (1915)). Thus, Petitioner cannot seek such relief. *See id.* (denying the

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

defendant's "petitions for a writ of quo warranto challenging the district court's authority over criminal charges against him").

Petitioner next argues the Magistrate Judge did not address his request for a writ of prohibition. A writ of prohibition is "[a]n extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a nonjudicial officer or entity from exercising a power." *Prohibition*, Black's Law Dictionary (10th ed. 2014). This Court is not an appellate court, and therefore it cannot grant a writ of prohibition. Moreover, "[a] writ of prohibition is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and indisputable and that the actions of the court were a clear abuse of discretion." *In re Gadsden*, 689 F. App'x 756 (4th Cir. 2017). "Because it is a drastic remedy, a writ of prohibition should only be granted when the petitioner's right to the requested relief is clear and indisputable, and there are no other adequate means of relief[.]" *Id.* (internal citations omitted). Here, Petitioner has failed to demonstrate that he is entitled to a writ of prohibition.

Petitioner also asserts the Magistrate Judge did not address his request for damages. Petitioner seeks "$855,000,000.00 plus costs, interest and fees." *See* ECF No. 1. However, "the sizable amount of damages that Plaintiff seeks to recover from speaks to the frivolity of this action." *Drayton v. Post & Courier*, 2008 WL 5351921, at *3 (D.S.C. Dec. 22, 2008). Plaintiff's requested damages award is clearly baseless and subject to dismissal as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). *See Nagy v. FMC Butner*, 376 F.3d 252, 253 (4th Cir. 2004) ("[T]he amount sought in an in forma pauperis suit is a permissible factor to consider when making a frivolity determination under § 1915(e)(2)(B)(i).").

Finally, Petitioner asserts the Magistrate Judge erred in finding that Petitioner filed his request

for mandamus relief in the wrong court. The Court agrees with the Magistrate Judge that to the extent Petitioner is seeking mandamus relief against another U.S. District Judge (from the Western District of Pennyslvania), Petitioner cannot seek such relief in this Court. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) ("A district court lacks authority to issue a writ of mandamus to another district court."); *see, e.g.*, *Rochester v. Roberts*, No. CA 6:12-0586-RBH-KFM, 2012 WL 2803754, at *3 (D.S.C. Apr. 2, 2012), *adopted by*, 2012 WL 2808205 (D.S.C. July 10, 2012) (noting mandamus relief against U.S. District Judges was properly sought in the circuit court of appeals, not the district court); *Grimes v. Joyner*, No. CV 8:17-849-JFA-JDA, 2017 WL 2562337, at *3 (D.S.C. May 8, 2017), *adopted by*, 2017 WL 2562057 (D.S.C. June 12, 2017) ("A writ of mandamus request is inappropriate in this case because this Court does not have authority to order the United States District Court for the Southern District of Florida to take any action. Also, Petitioner seems to have other adequate means to obtain the relief he desires, such as an appeal to the Eleventh Circuit Court of Appeals or a request for mandamus relief from that appellate court.").[3]

## Conclusion

For the foregoing reasons, the Court overrules Petitioner's objections, adopts and incorporates by reference the R & R [ECF No. 8], and **DISMISSES** this action *without prejudice and without issuance and service of process*. **IT IS SO ORDERED.**

Florence, South Carolina
October 4, 2017

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[3] Petitioner has also not satisfied the requirements for mandamus relief. *See generally In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001) ("The party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.").